El Pueblo de Puerto Rico, representado por el Comisionado de lo Interior Interino Jesús Benítez Castaño, demandante y apelado, *v.* Juan B. Huyke, demandado y apelante.

Núm. 9993.—*Sometido:* Noviembre 7, 1949. *Resuelto:* Enero 9, 1950.

*Luis E. Dubón, R. García Cintrón* y *L. Ríos Algarín,* abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco (José C. Aponte, Procurador General Interino,* en el alegato) y *Carlos J. Faure* y *Eduardo Negrón Rodríguez, Procuradores Generales Auxiliares,* abogados del apelado.

El Juez Presidente Señor De Jesús emitió la opinión del tribunal.

El Pueblo de Puerto Rico representado por el Comisionado de lo Interior, instó procedimiento de expropiación de una parcela de 4.36 cuerdas equivalentes a 17,168.35 metros cuadrados, radicada en el barrio Hato Rey de Río Piedras, perteneciente al demandado Juan B. Huyke. A ese efecto consignó en la corte inferior, a disposición del demandado, la cantidad de $17,440 en que calculó el valor razonable del terreno en el mercado e inmediatamente obtuvo la posesión e investidura de título. La expropiación se hizo para llevar a cabo la construcción de una carretera que conduce del Km. 9 H. 2 de la carretera insular núm. 1 al Km. 5 H. 2 de la núm. 2. El demandado no estuvo conforme con la cantidad consignada por el demandante, la cual equivale a valorar los terrenos expropiados a razón de $1.01582 por metro cuadrado.

Así, pues, toda la controversia en la corte inferior giró única y exclusivamente en torno al precio del terreno en el mercado. Oída la prueba de una y otra parte, la corte, considerando la parcela expropiada como una unidad, concluyó que su valor razonable en el mercado es a razón de $2 por metro cuadrado. En consecuencia condenó al demandante a satisfacer al demandado la suma adicional de $16,896.70 más intereses sobre esta cantidad a razón de 6 por ciento anual hasta su definitivo pago. Al igual que en la corte inferior, la única cuestión suscitada en este recurso es la determinación del valor del terreno. El demandado insiste en que debe compensársele a razón de $8 por metro cuadrado. El demandante, a su vez, acepta como razonable la valoración de $2 el metro cuadrado que le fijó la corte a quo. La discrepancia de criterio la motiva principalmente el método adoptado por el demandado para determinar el valor. En su alegato lo expresa así:

"La parcela expropiada consistente en 17,168.35 metros cuadrados, sacándose 6,800 metros para calles, quedarían 10,500 metros para solares, o sea 35 solares de 300 metros cuadrados, que dándoles no el precio máximo de venta de los que ya se han vendido, sino a $8 por metro cuadrado, solamente producirían un total de $84,000. Esa cantidad, menos el costo de la calle a razón de $50 el metro lineal, costaría $26,000, quedando de ganancia al Sr. Huyke la suma de $58,000, o sea el valor de los solares y la cantidad que se debe indemnizar."[1]

Como muy acertadamente sostiene el demandante, el método usado por el demandado no conduce a la correcta determinación del valor razonable en el mercado, pues descansa en bases inciertas y especulativas. No es posible asegurar de antemano que todos los solares habrán de venderse a razón de $8 por metro cuadrado, ni qué tiempo deberá transcurrir antes de que todos los solares puedan ser vendidos. Y sin esos datos, ¿cómo es posible determinar qué

[1]En su contestación el demandado reclamó la cantidad de $40,000 como el valor razonable del terreno.

cantidad habrá de pagar o habrá dejado de percibir el urbanizador por concepto de intereses sobre el capital invertido en la urbanización desde que ésta empiece hasta que el último solar sea vendido?

A los efectos de la justa valoración, precisa considerar que no son solares sino una parcela de terreno lo que se ha expropiado; no debe tomarse por base lo que un especulador, arriesgándose, podría obtener en el futuro, sino el precio que un comprador en una venta no forzada estaría dispuesto a pagar y aquél en que un vendedor, en las mismas circunstancias, estaría dispuesto a vender, consideradas las condiciones en que se halle el terreno en la fecha de la expropiación, y el uso más productivo a que el dueño pudiere dedicarlo dentro de un futuro razonable cercano. George L. Schmutz, *Condemnation Appraisal Handbook* (ed. 1949) pág. 244; I Nichols, *The Law of Eminent Domain* (2da. ed. 1917) sec. 219; *W. A. Manda* v. *City of Orange,* 82 Atl. 869 (N.J. 1912); *City of Los Angeles* v. *Hughes,* 262 Pac. 737 (Cal., 1927); *Pennsylvania S.V.R. Co.* v. *Cleary,* 17 Atl. 468 (Penn., 1889); *United States* v. *3544 Acres of Land, etc.,* 147 F.2d 596 (C.A. 3ro. 1945).

El demandante presentó prueba al efecto de que varios solares de la urbanización del demandado contiguos a la parcela expropiada, habían sido vendidos a $2 el metro cuadrado y aun a precios inferiores y que dicha parcela contiene una porción compuesta de 3675.25 metros cuadrados que es pantanosa. En tales circunstancias, no podemos convenir con el apelante en que la corte inferior cometiera error manifiesto al valorar la parcela expropiada a razón de $2 metro cuadrado. *Procede la confirmación de la sentencia apelada.*

El Juez Asociado Sr. Negrón Fernández no intervino.